■ NATHANIEL STERN et al., Doing Business as M & S COMPANY, Respondents, v CARMA RESTAURANT CORP. et al., Defendants, and BFH RESTAURANT, INC., Appellant. — Order, Supreme Court, New York County (H. Schwartz, J.), entered September 9, 1980, granting plaintiffs' motion for a preliminary injunction and, upon a $2,500 undertaking by plaintiff, enjoining the defendants during the pendency of the action from manufacturing, selling or in any way disposing of collateral in which plaintiff claims a security interest, reversed on the law, on the facts, and in the exercise of discretion, and plaintiff's motion for a preliminary injunction denied, with costs. The M & S Company (M & S) entered into an agreement with defendant Carma Restaurant Corp. (Carma) in which it undertook to supply labor, materials and equipment necessary to complete the interior of a restaurant and outdoor cafe for the sum of $89,000, reserving a purchase money security interest in certain described collateral. Among the items sold and delivered to Carma and installed in the restaurant were wood paneling, wood partitions, pinewood flooring, lighting fixtures, brass railings, and the like. The security interest was assigned to Keith Stern and thereafter perfected. Plaintiff alleges that M & S discharged its obligations under the agreement and that defendant, after the down payment, defaulted in making any further payment. The appellant, BFH Restaurant, Inc. (BFH), lessor of the premises, repossessed them from Carma. BFH thereafter subleased the premises to another, apparently for purposes of conducting a restaurant. The present status of the sublease is not clear and in any event is not significant to the issue raised on this appeal. In this action plaintiff seeks to replevy that which was delivered and installed in the premises and also in various causes of action sues to recover the remainder of the purchase price from Carma as well as other alleged damages from Carma, BFH and the other named defendants. Plaintiff moved for a preliminary injunction enjoining the defendants from manufacturing, selling or in any way disposing of the collateral in which a security interest is claimed on the theory that an injunction was necessary to prevent damage to collateral necessary to secure its claim for money damages. Special Term granted the motion for an injunction conditioned on an undertaking by plaintiff in the amount of $2,500. We disagree, reverse and deny the motion for a preliminary injunction. The immediate effect of the injunction, and its apparent purpose, is to prevent the lessor from using the premises for its obviously intended purposes during the pendency of the litigation. The record seems to us insufficient to support plaintiff's claim that unless the appellant is so limited the value of its collateral would be significantly impaired, jeopardizing its ability to recover on any judgment ultimately rendered in its favor. Although the complaint includes an action for replevin, we note that plaintiff has failed to pursue the provisional remedies for recovery of the collateral in which a security interest is claimed. (See CPLR 7102.) Concur — Sandler, J. P., Carro, Bloom and Fein, JJ.